Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2393 | **DATE** | 4/26/2004 |
| **CASE TITLE** | Lionel Trepanier vs. George Ryan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached order, the court finds that plaintiffs have standing under the Emergency Planning and Community Right-to-know Act to seek relief based on defendants' alleged failure to create an emergency response plan for Cook County, Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 2 8 2004 | 84 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RJ/KB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

LIONEL TREPANIER,

      Plaintiff,

v.

GEORGE RYAN, officially, as Governor of Illinois, MIKE CHAMNESS, officially, as Director, Illinois Emergency Management Agency, and also officially as Chair, State Emergency Response Commission,

      Defendants.

Case No. 00 C 2393

Honorable Joan B. Gottschall

## MEMORANDUM OPINION AND ORDER

Count I of plaintiffs' third amended complaint alleges that defendants violated the Emergency Planning and Community Right-to-know Act ("EPCRA") by failing to create a local emergency response plan for Cook County, Illinois, and by failing to provide a mechanism for making the emergency response plan available to the public. In its order of May 21, 2003, the court ruled that Count I stated a claim under the EPCRA insofar as plaintiffs sought relief for defendants' failure to make information publicly available, but requested additional briefing on the question of whether plaintiffs have standing to seek an injunction ordering defendants to create a local emergency response plan.

### I. Background

The EPCRA establishes a framework of state, regional, and local agencies designed to inform the public about the presence of hazardous and toxic chemicals,

and to provide for emergency response in the event of health-threatening release. 42 U.S.C. § 11001. Central to its operation are reporting requirements compelling users of certain toxic and hazardous chemicals to file annual forms which detail the kind and amount of chemicals used and method and amount of releases of chemicals into the environment. §§ 11021-23. From these reports and other relevant environmental information the local agencies must develop and annually review an emergency response plan for dealing with unexpected chemical releases and must make this plan available for public review. §§ 11003, 11044.

The EPCRA contains a citizen-suit provision that, with some limitations, allows any person to enforce the act by commencing a civil action against the Environmental Protection Agency ("EPA") Administrator, State Governor, or State, regional, or local agency. 42 U.S.C. § 11046(a)(1). The statute describes in detail which persons and entities may be sued and for which violations of the act they may be held accountable in a citizen suit. Relevant to this case, § 11046(a)(1)(C) provides that any person may sue the "Administrator, a State Governor, or a State emergency response commission, for failure to provide a mechanism for public availability of information in accordance with § 11044(a) of this title." Section 11044(a) requires that "Each emergency response plan . . . shall be made available to the general public . . . during normal working hours at the location or locations designated by the Administrator, Governor, State emergency response commission, or local emergency planning committee, as appropriate." The requirements for the emergency response plan itself are found in § 11003, which

-2-

states in part that "Each local emergency planning committee shall complete preparation of an emergency plan in accordance with this section not later than two years after October 17, 1986."

## II. Discussion

Defendants concede that plaintiffs have standing under the EPCRA to pursue their claim that defendants failed to provide a mechanism for making the emergency response plan available to the public. *See* § 11046(a)(1)(C). But defendants argue that plaintiffs do not have standing to seek an injunction from this court ordering defendants to create the emergency response plan because such a claim for relief is not a cause of action enumerated in the EPCRA's citizen suit provision. *See* § 11046(a)(1). Defendants' approach to standing under the EPCRA is similar to the one rejected by the Supreme Court in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83 (1998). In that case the plaintiff notified the EPA that a private company had violated the EPCRA's reporting requirements, and the company remedied its violations during the EPCRA's 60-day notification period, before the plaintiff could file its lawsuit. The plaintiff sued the defendant anyway, seeking to impose civil penalties based on the prior violations. The defendant conceded that the plaintiff would have had standing to bring its claim under § 11046(a)(1)(A) had the violations been ongoing, but argued that the plaintiff did not have standing to seek civil penalties for past violations because that specific cause of action is not enumerated in the EPCRA's citizen suit provision.

In its analysis, the Supreme Court characterized the jurisdictional question

-3-

presented as "not whether the EPCRA authorizes this plaintiff to sue (it assuredly does), but whether the scope of the EPCRA right of action includes past violations." 523 U.S. at 92. "Such a question," the Court continued, "goes to the merits and not to statutory standing." *Id.* (explaining that whether a federal statute creates a claim for a particular kind of relief, as compared to whether it permits a private right of action in the first instance, is not jurisdictional). In holding that the plaintiff did have standing, the Court opined that federal courts have jurisdiction over citizen suits both asserting a violation enumerated in § 11046(a) and those "*contending* that § 11046(a) contains a certain requirement." *Id.* at 93.

Based on the reasoning in *Steel Company*, the court finds in this case that plaintiffs have standing under the EPCRA to bring their claims against defendants. As was the case in *Steel Company*, there is no doubt here that the EPCRA accords plaintiffs the right to challenge the public availability of the plan, *see* § 11046(a), and no doubt that defendants are actually required to have a plan, *see* § 11003. Further, plaintiffs' claim here is similar to the claim in *Steel Company* in that it argues that § 11046(a) contains a particular requirement: namely, that in order for the Administrator, State Governor, or a State emergency response commission to make a local emergency response plan publicly available, it must actually have a local emergency response plan. Given the similarities between this case and *Steel Company*, the court concludes that the question presented here – whether the EPCRA permits plaintiffs to ask the court to grant injunctive relief ordering

defendants to create a plan – challenges the scope of the statute rather than the court's jurisdiction.

### III. Conclusion

Plaintiffs' claim for injunctive relief ordering defendants to create a plan will not be dismissed for lack of standing. The form of and extent to which relief may be granted on plaintiffs' EPCRA claims is a merits question that is not presently before the court and therefore will not be resolved at this time.

ENTER:

_____
Joan B. Gottschall
United States District Judge

DATED: April 26, 2004