# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2393 | **DATE** | 5/12/2004 |
| **CASE TITLE** | | Trepanier vs. Ryan | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss Count VII of Plaintiffs' Fourth Amended Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss Count VII of plaintiffs' Fourth Amended Complaint [71-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | MAY 1 7 2004 | 85 |
| | Notified counsel by telephone. | | | date docketed | |
| X | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| RJ/KB | | courtroom deputy's initials | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

MAY 1 7 2004

LIONEL TREPANIER,                          )
                                           )
                  Plaintiff,               )
                                           )     Case No. 00 C 2393
            v.                             )
                                           )     Honorable Joan B. Gottschall
GEORGE RYAN, officially, as Governor of    )
Illinois, MIKE CHAMNESS, officially, as    )
Director, Illinois Emergency Management    )
Agency, and also officially as Chair, State )
Emergency Response Commission,             )
                                           )
                  Defendants.              )

## MEMORANDUM OPINION AND ORDER

Count VII of plaintiffs' fourth amended complaint alleges that defendant William Burke, in his official capacity as director of the Illinois Emergency Management Agency and chair of the State Emergency Response Commission, is liable under 42 U.S.C. § 1983 because he violated plaintiffs' constitutional rights under the Emergency Planning and Community Right-to-know Act ("EPCRA") by wrongfully disbanding the South Cook County local emergency planning committee. Defendants contend that because the EPCRA's own comprehensive enforcement scheme forecloses any claim for relief under § 1983, Count VII must be dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, defendants' motion to dismiss is granted.



## I. Background

Congress enacted the EPCRA to inform the public about the presence of hazardous and toxic chemicals in their communities, and to provide for emergency response in the event of health-threatening release. *See* 42 U.S.C. § 11001, *et seq*. The statute establishes a framework of state, regional, and local agencies designed to collect annual usage information from manufacturers and users of certain toxic and hazardous chemicals, develop local emergency response plans to deal with any unexpected chemical release, and make the plans available for public review.[1] Of particular relevance to the legal issue now before the court, the EPCRA expressly contemplates enforcement of its provisions by various entities – citizens, state and local governments, and the Environmental Protection Agency ("EPA") – and through various means – federal civil lawsuits, administrative and criminal penalties, and special enforcement actions. *See* 42 U.S.C. §§ 11045-46.

## II. Discussion

On a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). A complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief under the law. *Id.* The question facing the court in this case is whether

---

[1]For additional background information about the EPCRA and its application to this case, see *Trepanier v. Ryan*, No. 00 C 2393, 2003 WL 21209832 (N.D. Ill. May 21, 2003) ("*Trepanier I*"), and *Trepanier v. Ryan*, No. 00 C 2393, slip op. (N.D. Ill. Apr. 26, 2004) ("*Trepanier II*").

the EPCRA, a statute which contains its own explicit and specific enforcement provisions, provides an *exclusive* remedy for violations of its terms or permits enforcement through § 1983 actions.

To survive defendants' Rule 12(b)(6) motion, plaintiffs must assert the violation of a federal *right*, not merely of federal law, and must prove as a matter of law that the EPCRA has not foreclosed relief under § 1983. *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997). Three factors determine whether a statute creates a privately enforceable right: (1) whether the plaintiff is an intended beneficiary of the statute, (2) whether the plaintiff's asserted interest is not so vague that "its enforcement would strain judicial competence," and (3) whether the statute imposes a binding obligation on the state. *Id.* But even if the plaintiff establishes that a statute creates an individual right, there is still only a rebuttable presumption that the right is enforceable under § 1983. *Id.* An action under § 1983 must be dismissed if it appears that Congress has foreclosed such a remedy "expressly, by forbidding recourse to § 1983 in the statute itself, or impliedly, by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." *Id.*

There is no doubt in this case that the EPCRA creates privately enforceable rights. First, as the stated purpose of the EPCRA is to provide the public with important information about the presence of hazardous chemicals in their communities and protect them in the event of a hazardous chemical release, it is clear that plaintiffs, as members of the public, are the statute's intended beneficiaries. *See* Exec.

Order No. 12,856, 58 Fed. Reg. 41,981 (Aug. 3, 1993). Second, in giving citizens the right to commence a civil action in federal court demanding compliance with statutory requirements, the EPCRA allows that the court is competent to adjudicate plaintiffs' claims. *See* § 11046(a)(1). Finally, since the statute orders state, regional, and local committees to execute its provisions, and permits citizens and the EPA to hold the state accountable if it fails, it is evident that the EPCRA creates binding obligations on the states. *See* §§ 11044, 11046.

Having found that a privately enforceable right exists under the EPCRA, the court must determine whether Congress intended to permit or deny § 1983 actions. *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 13 (1981) (stating that "key to the inquiry is the intent of the Legislature"). Defendants contend that the EPCRA's thoroughly comprehensive enforcement scheme reveals Congress's intent to limit relief to claims brought under the statute and foreclose § 1983 actions. In opposition, plaintiffs insist that, notwithstanding the statute's far-reaching enforcement provisions, the EPCRA does not provide a remedy for the specific right they seek to assert, which they define as the right to demand that a local emergency response commission exist. Since they cannot vindicate this particular right under the EPCRA, plaintiffs argue, they must be entitled to pursue their claim under § 1983. Plaintiffs' argument fails to persuade the court that Congress intended the EPCRA to be enforced through § 1983.

The EPCRA explicitly provides private judicial remedies for a wide variety of violations. "When the remedial devices provided in a particular Act are sufficiently

comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Sea Clammers*, 453 U.S. at 20; *Smith v. Robinson*, 468 U.S. 992 (1984). *Cf. Wright v. City of Roanoke Redevelopment and Housing Auth.*, 479 U.S. 418, 427 (1987) (finding no congressional intent to supplant § 1983 remedy where statute at issue contained only local grievance procedure and not private judicial remedies like those found in *Sea Clammers* and *Robinson* cases). As discussed briefly above and more thoroughly in *Trepanier II*, the EPCRA contains extensive enforcement provisions which bestow on private citizens, state agencies, and the EPA the power to force compliance with the statute through various means. These enforcement devices include administrative and criminal penalties, judicial assessments, civil actions in federal court, and specific performance, and the statute states which enforcement devices may be used, by which enforcing party, and under what circumstances. *See* §§ 11045-46. The remedies available under the EPCRA are similar to those found in *Sea Clammers* to be so comprehensive as to foreclose § 1983 actions, namely: the EPA's authority to institute compliance orders, civil suits and criminal penalties, and the right of citizens to seek judicial review of agency actions and bring suits for injunctive relief for certain statutory violations. *Sea Clammers*, 453 U.S. at 13-14. Moreover, the EPCRA's private judicial remedies are far more extensive than merely the right to file a local grievance, which was found in *Wright* to be insufficient to bar § 1983 actions under the Fair Housing Act. *Wright*, 479 U.S. at 427-28. Though the EPCRA does not provide every potentially aggrieved entity with every available enforcement tool, it still

offers a full menu of remedies. Because "an enforcement mechanism with full remedies . . . may not be bypassed by resort to laws of more general applicability like § 1983," *Boulahanis v. Board of Regents*, 198 F.3d 633, 641 (7th Cir. 1999), the court concludes that plaintiffs are prohibited from bringing their § 1983 claim under the EPCRA.

### III. Conclusion

Though the EPCRA creates privately enforceable rights, the statute's comprehensive enforcement scheme provides the exclusive remedy for violations of its terms. As a result, plaintiffs' Count VII, which asserts a claim for relief under § 1983, fails as a matter of law to state a claim upon which relief could be granted. Defendants' Rule 12 (b)(6) motion to dismiss Count VII is therefore granted.

ENTER ORDER:

Joan B. Gottschall
United States District Judge

Dated: May 12, 2004