UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIONEL TREPANIER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 00 C 2393 |
| | ) | |
| MICHAEL CHAMNESS, *et al.*, | ) | Honorable Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Defendant William C. Burke's motions to re-terminate the case and disallow further participation by Chicago Greens and South Metro Greens (the "Green Party organizations"). In their response, Plaintiffs Lionel Trepanier, Kurt Leslie, Chicago Greens, and South Metro Greens move to strike Burke's motion to re-terminate.

**I. BACKGROUND**

Plaintiff Lionel Trepanier brought this action more than 10 years ago seeking relief for alleged First Amendment violations and violations of the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 1101 *et seq.*, Title III of the Superfund Amendments and Reauthorization Act. Other plaintiffs, including Kurt Leslie, the Chicago Greens, and South Metro Greens, later joined the litigation. In the seven-count Fourth Amended Complaint, the plaintiffs allege, *inter alia*, that the Director of the Illinois Emergency Management Agency ("IEMA"): (1) violated the EPCRA by (a) failing to provide an emergency response plan for Cook County and (b) failing to have a method for making such a plan publicly available (Count I), (2) violated Trepanier's First Amendment rights to free speech and free association (Count II), and (3) violated Leslie's First Amendment right to free association (Count III). The claims against the

Director of the IEMA were dismissed without prejudice nearly four years ago, pursuant to the parties' settlement agreement. The order of dismissal is dated April 10, 2007 and states, in pertinent part: "The claims against William C. Burke, in his official capacity, as Director of the Illinois Emergency Management Agency, shall be dismissed without prejudice until March 1, 2009, at which time the dismissal shall be with prejudice and without attorney's fees, costs, or expenses." (Doc. 255.) On February 27, 2009, Plaintiffs Trepanier and Leslie moved to enforce the settlement agreement or reopen Counts I-III as against the Director of IEMA because the Director of IEMA allegedly breached the settlement agreement. (Doc. 268.)

This court granted in part and denied in part Trepanier's and Leslie's motion on September 17, 2009. (Doc. 296.) In the course of its short order, the court stated: "[A] court may exercise ancillary jurisdiction to enforce a settlement agreement if the court retained jurisdiction over the settlement agreement" and it ruled that it had jurisdiction to enforce the settlement agreement. (Doc. 296 at 2 (citing *Lynch v. SamataMason*, 279 F.3d 487, 489 (7th Cir. 2002).) But it was not necessary for the court to decide if it had ancillary jurisdiction. Since the claims against the Director of IEMA were dismissed without prejudice until March 1, 2009 and Trepanier and Leslie filed their motion on February 27, 2009, before the dismissal without prejudice became a dismissal with prejudice, the court clearly had jurisdiction to reopen the case. On the merits, the court observed that "[t]he Defense . . . proffers no evidence that Defendants have complied with the terms of the settlement agreement. The Defense fails to rebut any of the testimony provided by Plaintiffs that the Official Capacity Defendant has failed to abide by the statutory obligations of EPCRA; that plaintiffs were denied access to documents after making repeated requests; that their public statements were not included in the meeting minutes of September 19, 2007 LEPC meeting; or that notice and minutes were not publicly posted as dictated by state law." (Doc. 296 at 4-5.) Finding,

2

therefore, "that Defendant has repudiated the settlement agreement" (Doc. 296 at 8.), the court granted Trepanier's and Leslie's motion to reopen the case. (Doc. 296 at 9.) The motion was otherwise denied.

On July 26, 2010, Defendant William C. Burke[1], in his official capacity, moved to re-terminate the case. (Doc. 329.) Burke argues that this case should be re-terminated because: (1) the court lacks jurisdiction over Counts II-VI since, according to him, these claims are only against Chamness and Gentile and these defendants were dismissed with prejudice in 2007, (2) Count I must be dismissed since the defendants have complied with the terms of the settlement agreement, (3) Counts IV-VI were dismissed with prejudice, Plaintiffs Chicago Greens and South Metro Greens have not moved to reopen them, and the court has not re-asserted its jurisdiction over them, and (4) the claims against Burke in Counts II-VI were dismissed when the Court dismissed Count VII in 2004 and, in any event, fail to state a claim upon which relief can be granted.

## II. ANALYSIS

### A. Burke's Motion to Re-Terminate the Case

The parties seem to have been confused by this court's September 17, 2009 Order,[2] and indeed, the order contains a great deal of unnecessary verbiage concerning the court's jurisdiction under *Lynch v. SamataMason*, 279 F.3d 487, 489 (7th Cir. 2002). Trepanier and Leslie had moved to reopen only Counts I-III as against the Director of IEMA in his official capacity (the last person named as Director of IEMA in this lawsuit was Burke). (Doc. 268 at 8 ("Plaintiffs request the reopening of Counts I, II, and III, against the OCD ["official capacity defendant" – the Director of

---

[1] The plaintiffs suggest that Burke is no longer the Director of IEMA. (Pls.' Resp. to Def.'s Mot. to Re-Terminate the Case at 7, n.5.) The parties are hereby ordered to substitute the correct official, per Federal Rule of Civil Procedure 25(d).

[2] On October 13, 2009, in a status report, Trepanier and Leslie included not only Counts I-III, but also Counts IV-VI in summarizing the claims. (Doc. 306.)

3

IEMA]").) In granting the motion to reopen the case, the court granted only the relief requested – to reopen Counts I-III as against the Director of IEMA in his official capacity. To that extent, the case was reopened. The court did not attempt and has not attempted to enforce the settlement agreement.

Insofar as the court can determine, Burke is essentially arguing that the court wrongly decided Trepanier's and Leslie's motion to enforce the settlement agreement or reopen Counts I-III of the case. Burke does "not indicate under which Federal Rule of Civil Procedure this motion to reconsider is brought, but the Court notes that a Rule 59(e) Motion to Alter or Amend Judgment must be brought within 28 days of the entry of judgment, and that a Rule 60(b) Motion for Relief from a Judgment or Order must be brought within 'a reasonable time.'" *Wright v. Kupczyk*, No. 04 C 516, 2011 WL 167258, at *2 (N.D. Ill. Jan. 18, 2011) (citing Fed. R. Civ. P. 59(e); 60(c)). The defendant filed this motion on July 26, 2010. He challenges an order entered by the Court on September 17, 2009. He does not attempt to explain this delay. By no stretch of the imagination is this a reasonable delay. As in *Wright*, "The time for Defendant[s] to ask the Court to reconsider its [September 17, 2009] Order has long since passed." *Id.*

To the extent that Burke argues that the court lacks jurisdiction, his arguments are without merit. As Burke must be well aware, the Order of Dismissal, which the defendants drafted, states that the claims against Burke in his official capacity are dismissed *without prejudice* until March 1, 2009, at which time the dismissal becomes with prejudice. Trepanier and Leslie moved to reopen the case while the dismissal was without prejudice. Trepanier and Leslie acted before the dismissal of the case became final. Burke's reliance on *Lynch* for the proposition that the court acted improperly when it reopened the case is misplaced. Other cases Burke cites are similarly inapposite. *See Hope Sch., Inc. v. Woodside Twp.*, No. 05 C 3153, 2009 WL 1707958 (C.D. Ill. June 12, 2009)

4

(discussing the effect of a dismissal with prejudice on a court's ability to retain jurisdiction for purposes of enforcing the settlement agreement); *Strom v. Strom Closures, Inc.*, No. 06 C 7051, 2008 WL 489363 (N.D. Ill. Feb. 20, 2008) (same).

Burke alternatively argues that Count I must be dismissed because the defendants have complied with the settlement agreement. However, the proper vehicle for such a request is a motion for summary judgment. Since Burke has not moved for summary judgment, and the plaintiffs have not had an opportunity to respond with citations to the record in support of their opposition to such a motion, the court will not address this argument here.

Burke also argues that Trepanier's and Leslie's claim that Burke violated their First Amendment rights when he disbanded the local emergency planning committee ("LEPC") cannot proceed because this court granted the defendant's motion to dismiss Count VII of the Fourth Amended Complaint seven years ago and, in any event, these counts do not state a claim upon which relief can be granted as to Burke. (*See* Doc. 85.) In Count VII of their Fourth Amended Complaint, the plaintiffs alleged that the ultimate decisionmaker of the Illinois State Emergency Response Commission ("SERC") – apparently the plaintiffs allege that the Director of IEMA serves as the chair of the Illinois SERC – was liable under 42 U.S.C. § 1983 for violating the plaintiffs' constitutional rights under the EPCRA by wrongfully disbanding the South Cook County LEPC. The court held that the "plaintiffs [we]re prohibited from bringing their § 1983 claim under the EPCRA" because the EPCRA provided comprehensive remedies and, per *Boulahanis v. Board of Regents*, 198 F.3d 633, 641 (7th Cir. 1999), "may not be bypassed by resort to laws of more general applicability like § 1983." (Doc. 85 at 6.) However, Trepanier's and Leslie's claims regarding the violation of their First Amendment rights are embodied in Counts II and III, not Count VII. Counts II and III of the Fourth Amended Complaint have not been dismissed. In prosecuting these claims,

5

Trepanier and Leslie cannot proceed under the EPCRA, but they can otherwise seek to vindicate their constitutional rights.

In addition, while the Fourth Amended Complaint could be more clear, Counts II and III state a claim against Burke in his official capacity as Director of IEMA. The Fourth Amended Complaint states, "William C. Burke is Director of the IEMA/SERC and responsible for the appointment of individuals to Local Emergency Planning Committees (LEPC). He is also responsible for the operation of the SERC." (Fourth Am. Compl. ¶ 10 (Doc. 67).) In Count II, Trepanier alleges that the SERC (failed to appoint him to and) removed him from the Cook County LEPC on May 5, 2000 in violation of Trepanier's First Amendment rights to free speech and free association. Count II describes Burke in paragraph 61 as the ultimate decisionmaker of the SERC as of June 20, 2003. Similarly, in Count III, Leslie alleges that Burke, as new or acting "IEMA/SERC director[]," disbanded the Cook County LEPC on June 20, 2003 in retaliation for Leslie's exercise of his First Amendment right to file this suit. Thus, Count III states a claim against Burke insofar as Burke served as the "IEMA/SERC director[]."

For all of the above reasons, Burke's motion to re-terminate the case is denied. The motion to strike Burke's motion to re-terminate is denied as moot.

## B. Burke's Motion to Disallow Further Participation by the Green Party Organizations

In a motion that is devoid of pertinent case law[3], Burke argues that the Green Party organizations should not be allowed to participate in this case because, according to Burke, they are no longer parties to this lawsuit since they did not move to reopen the case. *United States v. Holm*, 326 F.3d 872, 877 (7th Cir.2003) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th

---

[3] Burke does cite *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986), for the proposition that "an individual may appear in the federal courts only *pro se* or through counsel," but this authority is too general to be helpful on the point at issue here.

Cir.1991), and noting, "We have repeatedly warned that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .'"). For their part, the plaintiffs concede that the Green Party organizations were not able to gather the funds necessary to retain counsel in time to join in the motion to reopen the case (as organizations, the Green Party entities could not appear *pro se*). Nevertheless, the plaintiffs argue that they moved to reopen the case "on behalf of Plaintiffs South Metro Greens and Chicago Greens, not as their counsel, but as their 'legal representatives' pursuant to Rule 60 of the Federal Rules of Civil Procedure." (Pls.' Resp. to Mot. to Disallow Green Party Pls.' Participation at 1.) Trepanier and Leslie further argue that they moved to reopen on behalf of the Green Party organizations as real parties in interest, pursuant to Rule 17 of the Federal Rules of Civil Procedure. (*Id.*) The plaintiffs further submit that they "reasonably relied on this Court's broadly stated ruling of 9/17/2009 that 'the case is reopened' . . . and on the prompt appearance in the case by the Green Party entities which went unchallenged by Defendants for many months, to the point that Plaintiffs submit that Defendants waived their claims on that point." (*Id.*) The plaintiffs further argue that judicial economy would be served by allowing the Green Party organizations to participate in this suit, rather than filing their own suit.

Since Count I was brought by the Green Party organizations as well as by other plaintiffs, when the court reopened Count I as against the Director of IEMA in his official capacity, it did so as to the Green Party organizations as well as Trepanier and Leslie. The court is not aware of any authority holding that a court can reopen a case only as to the plaintiffs that move to have the case reopened. Indeed, other courts have reopened cases on the motion of some, but not all, plaintiffs and have thereafter allowed nonmovant plaintiffs to proceed as plaintiffs. *See Murray v. Indymac Bank FSB*, No. 04 C 7669 (N.D. Ill. filed Nov. 24, 2004) (After this class action suit settled, several individuals moved to vacate the judgment because they had not received notice of the settlement.

The judge reopened the case. Thereafter, all parties – both movants and nonmovants of the motion to vacate – participated in the case.).

The Green Party organizations have been parties to this lawsuit since 2002. Although the Green Party organizations did not move to reopen the suit, they filed an appearance in October 2009[4], less than a month after this court granted Trepanier's and Leslie's motion to reopen Counts I-III as against the Director of IEMA. Accordingly, the court finds that Burke has waived his argument that the Green Party organizations are no longer parties to this case both by failing to cite to pertinent authority and by waiting so long to bring his objection to the Green Party organizations' continued participation to this court's attention.[5] Certainly, Burke does not and cannot allege that he was prejudiced in any way by the Green Party organizations' continued participation (especially where the Green Party organizations have been plaintiffs for the past nine years). For these reasons Burke's motion to disallow further participation by the Green Party organizations is denied.

### III. **CONCLUSION**

Burke's motion to re-terminate the case is denied. Plaintiffs' motion to strike Burke's motion to re-terminate is denied as moot. Burke's motion to disallow further participation by the Green Party organizations is denied.

This case has gone on for too long. Three magistrate judges have devoted extensive time and herculean energy to discovery supervision and interminable settlement negotiations. The instant motions suggest that spending further time in settlement negotiations is likely to be wasteful. It is time to try the case, if there is a case to try. The parties will appear before this court on April 12,

---

[4] Although Attorney Marian Neudel filed an appearance on October 5, 2009 (Doc. 302) on behalf of the Chicago Greens, she filed an initial status report on October 13, 2009 (Doc. 306,) on behalf of both the Chicago Greens and the South Metro Greens. In any event, Attorney Yahale R. Yadede filed an appearance (Doc. 325) on behalf of the South Metro Greens in May 2010.

[5] The court does not suggest that such a motion has any merit.

2011 to set a trial date.

                                  ENTER:

                                  /s/
                            JOAN B. GOTTSCHALL
                            United States District Judge

DATED: March 22, 2011